UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME MOODY,<br><br>            Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>            Defendant. | CASE NO.   C06-5337JKA<br><br>ORDER AFFIRMING ADMINISTRATIVE DECISION |

      This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

      The instant matter essentially began on April 13, 2000, when Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income. Because the issues presented in the applications were the same as those presented in an earlier and ongoing application, the administration consolidated the matter with Plaintiff's application filed on February 12, 1997. A hearing was held before an ALJ on July 17, 2001 (Tr. 307-327). The ALJ issued a decision on August 20, 2001, denying plaintiff's claim (Tr. 286-304), and a Complaint was filed in United States District Court for the Western District of Washington on October 19, 2001. See C01-5598RJB. Based on stipulations made by the parties requesting remand, an Order was issued by the Honorable Jack E. Tanner, remanding the case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g) (Tr. 823-826).

Following the Court's order, the Appeals Council directed the case to an ALJ (Tr. 821-822), and a hearing was held before an ALJ on October 29, 2003 (Tr. 806-820). The ALJ issued a decision on March 5, 2004, denying plaintiff's claim (Tr. 779-805). Plaintiff again filed a Complaint in United States District Court for the Western District of Washington to challenge the ALJ's decision. See C04-5385KLS. On August 18, 2005, an Order was issued by United States Magistrate Judge Karen L. Strombom, reversing the Commissioner's decision and remanding to case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g) (Tr. 997-1015).

Judge Strombom addressed each of Plaintiff's four arguments, finding (i) the ALJ properly concluded that Mr. Moody's condition did not meet the requirements of Listing 12.05(c); (ii) The ALJ properly evaluated Plaintiff's physical impairments, (iii) the ALJ properly discredited Mr. Moody's testimony and allegations suggesting more severe impairment than supported by the medical evidence, and (iv) the ALJ erred in his incorporation of Plaintiff's mental impairments at step-five of the administrative process. Judge Strombom specifically remanded the matter to the administration to reconsider Mr. Moody's residual functional capacity taking into account the opinions and limitations noted by Dr. deVidal and Dr. Regets, who were both examining psychologists.

Accordingly, the Appeals Council issued a further Order dated September 14, 2005, remanding the case to an ALJ (Tr. 1016-1018). The ALJ issued a decision on February 23, 2006, denying plaintiff's claim (Tr. 968-996). Without taking into account any further medical evidence, the ALJ reconsidered the case and explained his evaluation of Plaintiff's mental residual functional capacity as follows:

> In assessing limitations related to the claimant's mental impairments, I have adopted the finding of the prior decision that the claimant retains the ability to perform simple, one- to three-step tasks which require no more than occasional contact with the general public and with co-workers as consistent with the evidence of record as a whole.
>
> This assessment is consistent with the opinion of David de Vidal, PWD., who performed the most recent evaluation of the claimant in April 2003. Dr. de Vidal had the opportunity to review the medical and treatment reports of record through Exhibit B-22F. In addition, he interviewed the claimant, performed mental status testing and administered psychological testing instruments including the Wechsler Adult Intelligence Scale-III (WAIS-lll), the Test of Memory and Malingering (TOMM), and the Minnesota Multiphasic Personality Inventory-2 (MMPl-2). Dr. de Vidal concluded that while the claimant has moderate limitations in understanding, remembering, and carrying out detailed instructions, he retains the ability to understand, remember, and carry out simple instructions. (Exhibit B-23F/6). It is noted that the term "moderate" as used in the form completed by Dr. de Vidal is defined as "There is moderate limitation in this area but the individual *is still able to function satisfactorily* (emphasis added)." Dr. de Vidal's opinion is, thus, generally consistent with the substantial evidence of record including the opinion of examining psychiatrist Dr.

Biebuyck that the claimant remained capable of performing simple and repetitive tasks and likely complex tasks; the most recent opinion of examining psychologist Dr. Whitehill that the claimant has only mild limitations in his ability to understand, remember and follow complex (more than two-step) instructions; and with the opinion of non-examining psychological consultant Charles Regets, Ph.D., as stated in the narrative portion of the Mental Residual Functional Capacity Assessment at Exhibit B-2F that the claimant is capable of understanding, following, and remembering at least three-step material. (Exhibits B-15F/3, B-18F/5). I conclude that the claimant retains the ability to perform work involving simple, one- to three-step tasks.

I have adopted the opinion of Dr. Regets that the claimant is not significantly limited in his ability to make simple work-related decisions. (Exhibit B-2F/4). While Dr. de Vidal has opined that the claimant has moderate limitations in that area, that opinion is viewed as inconsistent with his opinion that the claimant has no limitation in his ability to be able to understand, remember, aud carry out simple instructions. (Exhibit B-23F/6).

Regarding work-related social functioning, I bave credited the claimant's complaints of irritability due to pain and depressed mood and have limited him to no more than occasional interaction with co-workers and the public. Moreover, I have relied on the opinion of Drs. Biebuyck and Regets that the claimant is capable of interacting appropriately with supervisors. (Exhibit B-18F/5 and B-2F/3). It is noted that Dr. de Vidal has opined that the claimant has moderate limitations in interacting appropriately with supervisors, perhaps based on the claimant's report of difficulty with his most recent supervisor related to his work injury. However, the record contains no evidence that the claimant is unable to accept instruction from a supervisor. Moreover, a "moderate" limitation in that area, again, indicates satisfactory ability to perform that activity.

Finally, based on the opinion of Dr. Regets, it is concluded that the claimant has no significant limitation in his ability to deal with changes in a routine work setting and he is capable of maintaining the attention, concentration, and persistence necessary to perform simple work activities on a regular and sustained basis. (Exhibit B-2F). This is consistent with the opinion of Dr. de Vidal that the claimant has no more than slight limitations in his ability to respond appropriately to work pressures in a usual work setting or to respond appropriately to changes in a routine work setting. (Exhibit B-23F/7).

While Dr. Whitehill has reported more significant cognitive and social limitations than did Dr. de Vidal or Dr. Regets, I have given less weight to his opinions in general as inconsistent with the substantial evidence of record. Dr. Whitehill sees the claimant briefly only for determining his continuing eligibility for General Assistance. In different reports over time, Dr. Wbitehill has opined the claimant had "moderate" to "severe" limitations in the ability to exercise judgment and make decisions, based on the claimant's learning difficulties and cognitive deficits. (Exhibit B-15F). However, it appears that Dr. Whitehill has overstated the claimant's cognitive difficulties in light of the opinion of Drs. de Vidal, Biebuyck and Regets that the claimant remains capable of performing simple and repetitive tasks and likely complex tasks. As discussed above, although Dr. Whitehill examined the claimant on more than one occasion, he has reported inconsistent diagnoses other than a possible learning disorder. In particular, it is noted that while Dr. Whitehill's most recent report in February 2000 contained his opinion that the claimant had significant limitations in the claimant's mental functioning, he reported no diagnosis upon which to base those symptoms other than a possible learning disorder. (Exhibit B-15F/2-3). He has also reported increasingly less severe limitations for the claimant over time. While Dr. Wbitehill has also opined that the claimant has had "moderate" to "marked" difficulties in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, he has not sufficiently explained his opinion, citing reasons such as "Odd interpersonal style" and "Deficient social skills". (Exhibit 15F/7,ll). In addition, Dr. Whitehill's September 1998 opinion that the claimant was restricted by moderate and marked

ORDER
Page - 3

>limitations in work-related mental functioning is given little weight because he based his opinion on diagnoses of a personality disorder and a history of a learning disorder. (Exhibit B-15F/9-12). By their nature, both diagnoses are related to an individual's long-term pattern of coping and functioning. At that time, Dr. Whitehill had only evaluated the claimant on one occasion based on results of an Millon Clinical Multiaxial Inventory-Ill (MCMI-III) test. It appears Dr. Whitehill did not consider that the claimant had demonstrated an ability to work successfully in the past. He reported that he held his longest job for a period of seven years. He also reported receiving an Employee of the Year award at another job. (Exhibit B-23F/4).

(Tr. 991-993). The Appeals Council denied Plaintiff's request for reconsideration and the ALJ's decision is the final administrative decision.

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the administration's final decision denying plaintiff's application for disability insurance benefits. After reviewing the record, the court finds and orders as follows:

1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Here, the ALJ's decision is properly supported by substantial evidence and free of legal error.

2. Plaintiff argues the following issues in his Opening Brief: (i) the ALJ improperly found Mr. Moody does not meet Listing 12.05(C); (ii) the ALJ improperly rejected Dr. deVidal's opinion; (iii) the ALJ improperly rejected Dr. Reget's opinion; (iv) the ALJ improperly rejected Dr. Kirkpatrick's opinion; (v) the ALJ improperly rejected Dr. Starr's opinion; (vi) the ALJ improperly rejected Plaintiff's testimony; and (vii) the ALJ improperly found that jobs exist in significant number in the national economy that the Plaintiff could perform.

3. Judge Strombom previously addressed several of the issues argued by Plaintiff in his Opening Brief. Specifically, Judge Strombom concluded that the Administration has not erred when it (a)

concluded Plaintiff's condition did not meet the requirements of Listing 12.05(c), (b) evaluated the medical evidence regarding Plaintiff's physical impairments, and (c) discredited Plaintiff's testimony and allegations suggesting more severe impairment than supported by the medical evidence.  There is no reason to disturb the Court's earlier decision on those issues.

      4. On remand the administration was given the opportunity to reconsider step-five, with the specific direction to address the medical opinions and limitations assigned by Dr. deVidal and Dr. Regets regarding Plaintiff's mental residual functional capacity.  After reviewing these opinions on remand from the Court (as noted above), the ALJ concluded, as he had in his previous decision, that Plaintiff is limited to the performance of simple, one to three-step tasks which require no more than occasional contact with the general public and with co-workers (Tr. 995, 804).  In contrast to the ALJ's earlier decision (Tr. 802), and as noted by the court above, the ALJ's decision after remand by Judge Strombom, properly discusses the reliance on Dr. deVidal's and Dr. Reget's, in addition to Dr. Biebuyck's, opinions to support this finding.  After reviewing the record, the court finds the ALJ's decision is properly supported by substantial evidence and free of any legal error.   The ALJ's analysis at step-five, based on the ALJ's proper analysis of Plaintiff's mental limitations and functional capacity, is similarly supported by substantial evidence and free of any legal error.

      5. Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

      DATED this 27th day of December 2006.

                              */s/ J. Kelley Arnold*
                              J. Kelley Arnold
                              U.S. Magistrate Judge